Filed 12/3/13  P. v. Thao CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C072341 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F01998) |
| v. | |
| SOU VANH THAO, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

About 11:00 p.m. on March 12, 2011, chaos erupted at the Strikes Bowling Alley. Hundreds of people were screaming and trying to exit the building.  Officers arrived and ordered everyone to the ground.  An investigation revealed that 20-year-old Antion Taylor was beaten by a group of men that included defendant Sou Vanh Thao, who was observed by witnesses and on video surveillance tape hitting the victim twice with a bowling ball.  Taylor suffered many injuries and was transported to the hospital.  At trial, defendant admitted that he assaulted the victim with bowling balls but claimed he did so in self-defense or in defense of others.

A jury convicted defendant of assault with a deadly weapon, to wit, a bowling ball (Pen. Code, § 245, subd. (a)(1); count one) and misdemeanor battery (Pen. Code, § 242) as a lesser offense to that charged in count two (battery with serious bodily injury (Pen. Code, § 243, subd. (d)). In connection with count one, the jury did not sustain the great bodily injury allegation.

For count one, the court suspended imposition of sentence and granted formal probation for a period of five years subject to certain terms and conditions, including 210 days in county jail. For count two, the court imposed 90 days in custody, to be served concurrently with the time imposed on count one.

Defendant appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                         RAYE        , P. J.

We concur:


        BLEASE       , J.


        HULL        , J.

2